UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANGEL TV & APPLIANCE SERVICE CORPORATION
d/b/a ANGEL APPLIANCES
        a California corporation

        Plaintiff,

v.

ANGEL APPLIANCES & HOME IMPROVEMENT, CORP.
        a Florida corporation

        Defendant.
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND INJUNCTION

The Plaintiff, ANGEL TV & APPLIANCE SERVICE CORPORATION d/b/a ANGEL APPLIANCES, ("ANGEL TV"), a California corporation doing business under a registered fictitious name, sues the Defendant, ANGEL APPLIANCES & HOME IMPROVEMENT, CORP., ("ANGEL APPLIANCES") a Florida corporation, and states as follows:

### JURISDICTION AND VENUE

1. This court has subject matter jurisdiction in this cause, pursuant to 28 U.S.C. § 1338(a) and the Lanham Act, 15 U.S.C. § 1051, et seq.

2. This Court has personal jurisdiction over the Defendant. The Defendant is incorporated under the laws of the state of Florida and maintains its principal place of business in Deerfield Beach, Florida.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

### THE PARTIES

4. Plaintiff, ANGEL TV, is a California corporation with its principal place of business located at 8545 Sepulveda Blvd., Sepulveda, CA 91343.

5. Defendant ANGEL APPLIANCES is a Florida corporation with its principal place of business located at 5225 N. Dixie Hwy, Deerfield Beach, Florida, 33064.  Upon information and belief ANGEL APPLIANCES provides retail store and repair services in the field of gas and electric appliances at its principal place of business.

## BACKGROUND

6. In 1955 Angel TV & Appliance Service was established as an appliance and television sales and repair business, which has been in business under that name continuously for nearly 60 years.  ANGEL TV provides retail store and repair services in the field of gas and electric appliances and is the owner of U.S. Trademark Registration No. 4,052,205 attached hereto as Exhibit "A", directed to "Retail store services featuring gas and electrical appliances..." *and* "Repair and maintenance of gas and electrical appliances....."    The federal trademark shown in Exhibit "A" was conceived and used to identify Plaintiff's appliance sales and repair business in the state of California since 1955 and claimed use in interstate commerce at least as early as 2005 and provides constructive notice to Defendant of Plaintiff's rights.

7. In August, 1998, Plaintiff registered the internet domain name, AngelAppliances.com and published a website promoting the sales and services internationally.

8. On September 22, 2008, some 53 years after Plaintiff began using the "ANGEL APPLIANCE" mark, and at least three years after Plaintiff began using the mark in interstate commerce, Defendant filed to register the corporate name "ANGEL APPLIANCES & HOME IMPROVEMENT, CORP." with the Florida Department of State, Division of Corporations and began using that name in the appliance sales and service field.

9. Plaintiff discovered an internet advertisement for Defendant's business at www.yelp.com/biz/angel-appliances-pompano-beach (copy attached as Exhibit "B"), in which the Defendant's business is advertised using Plaintiff's website as part of Defendant's advertisement.

10. On May 1, 2013, through legal counsel in California, Plaintiff put Defendant on actual notice of Plaintiff's registered trademark and demanded Defendant cease further use of the mark "ANGEL APPLIANCES."  A copy of this correspondence is attached hereto as Exhibit "C". The Defendant never responded.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

11. This Count alleges trademark infringement in violation of 15 U.S.C. §1114(1). The Plaintiff re-alleges and incorporates paragraphs 1 through 11 above.

12. The Plaintiff is the owner of U.S. Trademark Registration Number 4,052,205 for the mark "ANGEL APPLIANCES." (Exhibit "A", attached).

13. The Plaintiff has continuously used the mark in interstate commerce for the services identified in the Registration, since at least as early as June 22, 2005.

14. Defendant is the "junior user" of the mark "ANGEL APPLIANCES," having commenced use of the mark in September, 2008, years after Plaintiff began using the same mark for the same services.

15. Despite having been provided actual notice that the Defendant is not authorized to use the mark, and of the Plaintiff's exclusive rights therein, the Defendant continues to use the mark for the same services employed by the Plaintiff.

16. The "Yelp" website (Exhibit "B") demonstrates actual confusion in that it published a promotion of Defendant's "ANGEL APPLIANCES" business but displaying Plaintiff's website address, thereby falsely suggesting an affiliation between the Plaintiff and

Defendant.

17.     There exists a likelihood of confusion by virtue of Defendant's unauthorized use of the "ANGEL APPLIANCES" mark that is causing damage to Plaintiff.

WHEREFORE, the Plaintiff prays that this Court:

A.      Enter a permanent injunction enjoining and restraining the Defendant, its associates, representatives, agents, servants, employees, officers, directors, successors, assigns, attorneys and all persons in active concert or participation with it who learn of the injunction through personal service or otherwise:

> (1) from using the mark attached as Exhibit "A", or any colorable imitation thereof, in connection with appliance sales and repair services; and
>
> (2) from any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of the Defendant's services, membership, and organization in relation to the Plaintiff; and

B.      Pursuant to 15 U.S.C. § 1118, order the destruction of the Defendant's promotional materials, business cards, invoices, forms, advertisements, promotional materials, packaging, products or any other materials bearing the ANGEL APPLIANCES mark, and order the revision of all websites promoting the Defendant's business accordingly; and

C.      Order an accounting of Defendant's business so as to enable Plaintiff to ascertain its actual damages suffered and Defendant's profits; and

D.      Award the Plaintiff its costs and reasonable attorney's fees in connection with this action pursuant to 15 U.S.C. 1117.

E.      Such other relief as this Court deems appropriate.

Respectfully submitted,

McHale & Slavin, P.A.
2855 PGA Blvd.
Palm Beach Gardens, FL   33410
Tel: (561) 625-6575
Fax:(561) 625-6572
Email: Litigation@McHaleSlavin.com


/s/ Carl J. Spagnuolo
Carl J. Spagnuolo
FBN: 0154679